# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERICK LEE PRICE,** | ) | |
| Petitioner, | ) | Civil Action No. 11-77 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| **ARCHIE LONGLEY,** | ) | Magistrate Judge Baxter |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed due to Petitioner's failure to prosecute this action.

**II.   REPORT**

**Relevant Procedural History**

Petitioner, an inmate incarcerated within the federal correctional system, filed this petition for writ of habeas corpus on March 31, 2011. Service of the petition was ordered by this Court on May 4, 2011, but service has not yet been accomplished due to Petitioner's failure to pay the service fees.

By Order dated September 16, 2011, Petitioner was directed to show cause for his failure to cooperate with the U.S. Marshal Service in its efforts to accomplish service upon Respondent. The Order instructed Petitioner to show cause before September 26, 2011, or risk dismissal of this case for failure to prosecute. ECF No. 9. As of today's date, Petitioner has not complied with that order.

1

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. This case is over six months old, yet Petitioner has not taken the initial steps in order to have this matter served upon Respondent. Without service of the petition, this case cannot proceed. Further, Petitioner has ignored an order of this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Petitioner's allegations could state a habeas claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely

objections may constitute a waiver of appellate rights.  See <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>S/ Susan Paradise Baxter</u>  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: October 21, 2011